IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD R. THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) 2:05cv143 |
| COUNTY OF BEAVER, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court for consideration and disposition is a MOTION TO DISMISS AMENDED COMPLAINT, with brief in support (*Document Nos. 14 & 15*) filed by the County of Beaver ("Defendant").[1] The matter has been fully briefed. *See* Plaintiff's RESPONSE AND BRIEF TO MOTION TO DISMISS (*Document No. 17*) and Defendant's REPLY BRIEF TO PLAINTIFF'S RESPONSE AND BRIEF TO MOTION TO DISMISS (*Document No. 18*).

Background

Plaintiff Richard R. Thompson ("Plaintiff") worked as a Program Monitor/ Aging Care Manager in the Beaver County Area Agency on Aging (the "Agency"). Brief, exh. A at ¶ 1. On November 25, 2003, he was terminated from employment due to "exorbitant and inappropriate use of the county computer system ..." *Id*. at ¶ 2. Essentially, Plaintiff spent a lot of time at work surfing the Internet, and during that time he visited websites which contained sexually explicit content. *Id*. at ¶¶ 21-24. Plaintiff challenged his termination by filing an appeal with the Pennsylvania State Civil Service Commission ("the Commission"). *Id*. at unnumbered 1. A hearing on the matter was held on February 12, 2004. *Id*. The issues before the Commission were 1) whether the Agency had just cause to terminate Plaintiff's employment, and 2) whether

---

[1] Defendant's Motion to Dismiss Amended Complaint incorporates, by reference, the arguments set forth in the brief filed in support of Defendant's original (and moot) Motion to Dismiss (*Document Nos. 5 & 6*). The first brief thoroughly addresses the arguments made by the County of Beaver, and will be referenced herein as "Brief."

Plaintiff's termination was motivated by anti-union retaliation.[2]  *Id*.  Plaintiff was represented by counsel during these proceedings.  *Id*.

In an opinion handed down on June 24, 2004, the Commission found that the Agency established just cause for Plaintiff's removal, and that Plaintiff failed to present evidence which established anti-union retaliation.  Brief, exh. 1 at unnumbered 17.  Plaintiff, acting *pro se*, appealed the decision of the Commission to the Commonwealth Court of Pennsylvania.  Brief, exh. 2; *Thompson v. State Civil Service Comm'n*., 863 A.2d 180 (Pa. Commw. Ct. 2004), *appeal denied*, 877 A.2d 463 (Pa. 2005).  Plaintiff argued, *inter alia*, that the Agency's Internet policy violated his rights under the First and Fourteenth Amendments, and that his termination did not comport with due process.  *Thompson*, 863 A.2d at 184 & n.1.  The Commonwealth Court affirmed the decision of the Commission, and also held that Plaintiff waived his constitutional challenges to the Agency's Internet policy by failing to raise said issues before the Commission.  *Id*. at 184 n.1.  Plaintiff petitioned the Pennsylvania Supreme Court for allowance of appeal, which was denied on June 7, 2005.  877 A.2d 463 (Pa. 2005).  No petition for *certiorari* was filed.

On February 7, 2005, Plaintiff, again acting *pro se*, filed a Complaint in the United States District Court for the Western District of Pennsylvania.  The caption of the Complaint named the County of Beaver as the only defendant, but also referenced the Honorable Daniel Donatella as the Chairman of the County of Beaver Board of Commissioners.[3]  Complaint at unnumbered 1.  The County of Beaver, in turn, filed a Motion to Dismiss.  *See* Document No. 5.  Rather than oppose the Motion to Dismiss, Plaintiff sought leave to file an Amended Complaint, which was granted.  *See* Document Nos. 8 & 9.  On May 3, 2005, Plaintiff filed an Amended Complaint in which he alleges the following:

---

[2] Plaintiff was involved in a effort to establish "permanent union affiliation" at the Agency.  Brief, exh. A at unnumbered 15.

[3] The docket does not reflect that the Honorable Daniel Donatella was served with a summons or a copy of the Complaint.

> On November 25, 2003 Plaintiff was notified by written document of his termination of employment with the Beaver County Office on Aging, an entity of the County of Beaver. That document specifically predicated termination of Plaintiff's employment based on alleged "violation's" (*sic*) of County's "Computer Internet Usage Policy." This document as written and as applied []to the Petitioner/Plaintiff and all employees of Beaver County is in violation of the U.S. Constitution.

Amended Complaint at ¶ 4. The Amended Complaint also reflects that the Court's jurisdiction is founded on constitutional questions, specifically the First Amendment (as incorporated by the Fourteenth Amendment), as well as procedural and substantive due process under the Fourteenth Amendment. *Id.* at ¶ 3.

The only significant difference between the Complaint and the Amended Complaint is that in paragraph 2 of the Amended Complaint, Plaintiff added the following language: "Individual Defendants: Richard Darbut Director of Employee Relations for the County of Beaver; .R. Brandon James Administrator (former) of Beaver County Office on Aging and Linda Hall, Planner/ Administrative Officer Beaver County Office on Aging." The aforementioned individuals were never served with a summons or a copy of the Amended Complaint, the caption still reflects that the County of Beaver is the only defendant, and there are no factual allegations which specifically address any of the aforementioned individuals. Therefore, the County of Beaver posits that "[t]he failure to include any specific factual information about the three named 'defendants' supports the position that there is really no change to the pleading in terms of the parties who have been sued." Mot. to Dismiss Amended Complaint at ¶ 8. Plaintiff's response to the Motion to Dismiss Amended Complaint refers to "Defendant" in the singular and does not otherwise challenge the County of Beaver's assertion that the aforementioned individuals are not defendants in this action.

In order to resolve the lack of clarity regarding who is, and is not, a defendant in this matter, the Court issued a show cause order. Document No. 19. The show cause order stated, in part, as follows:

> [I]t is hereby **ORDERED** that on or before **December 30, 2005**, Plaintiff shall file with the Court a pleading which addresses the following issues:

3

> 1) Plaintiff shall affirmatively state whether the Amended Complaint names Hon. Daniel Donatella, Richard Darbut, R. Brandon James and Linda Hall as defendants in this action;
> 2) If Hon. Daniel Donatella, Richard Darbut, R. Brandon James and Linda Hall are named as defendants in this action, Plaintiff shall affirmatively state whether said individuals have been sued in their official or individual capacities; and
> 3) If Hon. Daniel Donatella, Richard Darbut, R. Brandon James and Linda Hall are named as defendants in this action, Plaintiff shall show cause as to why said individuals have not been served with a summons and a copy of the Amended Complaint.
>
> If Plaintiff fails to comply with this Order, the Court will assume that the Amended Complaint fails to state claims against Hon. Daniel Donatella, Richard Darbut, R. Brandon James and Linda Hall.

Order of Court of December 8, 2005 (*Document No. 19*).

In Plaintiff's Response to Show Cause Order (*Document No. 21*) he indicates that Defendant is "[t]he County of Beaver and the Beaver County Office on Aging." Resp. to Order at unnumbered 1. Plaintiff also states that "[n]amed Defendants in this civil action are named only as agents of County of Beaver ..." *Id.* Contrary to the Court's show cause order, Plaintiff does not affirmatively state whether the individuals named in his Amended Complaint have been sued in their official or individual capacities. However, Plaintiff's Response to Show Cause Order is sufficiently clear for the Court to conclude that the Honorable Daniel Donatella, Richard Darbut, R. Brandon James and Linda Hall have been sued in their official capacities, *i.e.*, "as agents of County of Beaver."[4]

### Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6) the Court accepts as true all well pleaded allegations of fact. *Pennsylvania Nurses Ass'n. v. Pennsylvania State Educ. Ass'n.*, 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997). In addition, the

---

[4] For example, consistent with the rule of *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), Plaintiff states that "[p]unitive damages are not, will (*sic*) not be sought against individually named Defendants." Resp. to Order at unnumbered 1.

Court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-movant. *General Motors Corp. v. New A.C. Chevrolet, Inc.,* 263 F.3d 296, 325 (3d Cir. 2001).  Dismissal is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).[5]

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," which statement is sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Notwithstanding this standard, the Court "need not credit a complaint's bald assertions or legal conclusions." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (internal quotations omitted).  Finally, the Court recognizes its obligation to construe *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

Discussion

The County of Beaver contends that Plaintiff's constitutional claims are barred by "general principles of claim preclusion" because they could have been asserted in the prior administrative and judicial proceedings.  Brief at 12-13  The Court agrees.  The United States Court of Appeals has provided the following guidance:

> When a prior case has been adjudicated in a state court, federal courts are required

---

[5] The Court notes that certain attachments to motions to dismiss, *e.g.*, documents integral to or explicitly relied upon in the Complaint or Amended Complaint, as well as public records, may be considered when ruling on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *See Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004); *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997).

> by 28 U.S.C. § 1738 to give full faith and credit to the state judgment and, in section 1983 cases, apply the same preclusion rules as would the courts of that state. Decisions of state administrative agencies that have been reviewed by state courts are also given preclusive effect in federal courts.

*Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993) (citations omitted).

In Pennsylvania, the doctrine of *res judicata* is applied as follows:

> [A] final judgment on the merits by a court of competent jurisdiction will bar any future suit between the parties or their privies in connection with the same cause of action. The purposes behind the doctrine, which bars the relitigation of issues that either were raised or could have been raised in the prior proceeding, are to conserve limited judicial resources, establish certainty and respect for court judgments, and protect the party relying upon the judgment from vexatious litigation. In keeping with these purposes, the doctrine must be liberally construed and applied without technical restriction . . . .

*Yamulla Trucking & Excavating Co. v. Justofin*, 771 A.2d 782, 784 (Pa. Super. Ct. 2001); *see also City of Pittsburgh v. Zoning Board of Adjustment*, 559 A.2d 896 (Pa. 1989).

*Res judicata* requires the concurrence of four factors between the present and prior actions: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. *Henion v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.)*, 776 A.2d 362 (Pa. Commw. Ct. 2001). There is no doubt that each factor is present here. First, the "identity of the thing sued upon" is clearly the same, *i.e*, both proceedings involve a challenge to the propriety of Plaintiff's termination. Second, identity of the causes of action is established. Plaintiff's First Amendment challenge to the County of Beaver's Internet usage policy and other constitutional claims could have been, but were not, raised in the prior administrative proceedings, and the Commonwealth Court explicitly found that said issues have been waived. *Thompson*, 863 A.2d at 184 n.1. Third, identity of the parties is established because Plaintiff and the County of Beaver were the parties to the prior proceedings. *See Thompson*, 863 A.2d at 180 (caption of case); Motion, exh. A at unnumbered 1 (caption of adjudication by Commission). Fourth, the identity of the capacity of the parties is present. There is no evidence that the County of Beaver and the Beaver County Area Agency on Aging are legally distinguishable with respect

to the operation of *res judicata*, and Plaintiff's Response to Show Cause Order treats these entities as one. The Court also finds and rules that the individuals named in the Amended Complaint have been sued in their official capacities, and therefore the County of Beaver and the Agency are the only defendants.[6] Therefore, the Court finds and rules that Plaintiff's constitutional challenges to his termination from employment are barred by *res judicata*.

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id*. The Court finds and rules that it would be futile to allow Plaintiff to file a Second Amended Complaint which alleges constitutional violations by the County of Beaver and/or the Beaver County Area Agency on Aging in the context of his termination. It would also be futile to allow Plaintiff to assert any such claims for constitutional violations by any County of Beaver employee/ agent that Plaintiff has named in his or her official capacity. As to the aforementioned government entities, agents and/or employees, it is clear that any constitutional challenge to the propriety of Plaintiff's termination would be barred by *res judicata*. Therefore, this action will be dismissed with prejudice.

## Conclusion

For the reasons hereinabove stated, the Court will grant Defendant's Motion to Dismiss Amended Complaint and dismiss this case with prejudice. An appropriate Order follows.

McVerry, J.

---

[6] Suits against government employees in their official capacities are "treated as claims against the ... entities that employ these individuals." *Smith v. School Dist. of Philadelphia*, 112 F. Supp. 2d 417, 425 (E.D. Pa. 2000) (*citing Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD R. THOMPSON,** | ) |
| **Plaintiff,** | ) |
| v. | ) 2:05cv143 |
| **COUNTY OF BEAVER,** | ) |
| **Defendant.** | ) |

### ORDER OF COURT

AND NOW, this 11th day of January, 2006, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED that Defendant County of Beaver's Motion to Dismiss Amended Complaint (*Document No. 14*) is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**. Defendant's Motion to Dismiss (*Document No. 5*) is **DENIED AS MOOT**. The Clerk shall mark this case as closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Richard R. Thompson, *pro se*
705 Pershing Street
Ellwood City, PA 16117

Joseph A. Askar, Esquire
1126 Sixth Avenue
Beaver Falls, PA 15010

Deborah A. Kunselman, Esquire
McMillen, Urick, Tocci & Fouse
2131 Brodhead Road
Aliquippa, PA 15001

Marie Milie Jones, Esquire
Email: mjones@mdbbe.com